```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

DETRA WILLIS,                    §
                                 §
         Plaintiff,              §
                                 §
v.                               §    CIVIL ACTION NO. H-08-2821
                                 §
ALFONSO HAYNES and               §
LESLIE JONES,                    §
                                 §
         Defendants.             §

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Detra Willis, filed this action on June 12, 2008, against defendants, Alfonso Haynes and Leslie Jones, for defamation and retaliation. Plaintiff seeks actual damages, compensatory damages, consequential damages, exemplary damages, pre- and post-judgment interest, reasonably and necessary attorney's fees, and costs of court. Pending before the court are the United States' Motion to Substitute and Dismiss Based on Prematurity (Docket Entry No. 5), and Plaintiff's Motion to Remand and Motion for Fees and Costs (Docket Entry No. 6). For the reasons stated below the United States' motion will be granted, plaintiff's motion will be denied, and this action will be dismissed for lack of jurisdiction.

**I.   Alleged Facts and Procedural History**

On June 12, 2008, plaintiff filed an Original Petition in state court (Civil Action No. 2008-35482 filed in the 281st

Judicial District Court of Harris County, Texas) alleging that defendants made false and defamatory accusations against her and used those allegations "to harm and retaliate against [plaintiff] in her employment."[1]  On September 23, 2008, the United States removed this action to this court on grounds that the defendants are employees of the Federal Bureau of Prisons (FBOP) who were acting within the course and scope of their employment when they allegedly made defamatory accusations against the plaintiff (Docket Entry No. 1).  On October 20, 2008, the United States filed the pending Motion to Substitute and Dismiss Based on Prematurity (Docket Entry No. 5), and on October 25, 2008, plaintiff filed the pending Motion to Remand and Motion for Fees and Costs (Docket Entry No. 6).

## II.  Motion to Substitute and Dismiss

The United States argues that it should be substituted as the only proper party defendant because the two named defendants, Haynes and Jones, are federal employees who were acting within the course and scope of their employment when the allegedly defamatory accusations were made against the plaintiff, and that this action should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because plaintiff has not exhausted her administrative remedies.

---

[1] Plaintiff's Original Petition, included in Docket Entry No. 1, p. 2.

## A. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Association of Mississippi, Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact that may be in dispute. "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom., 122 S.Ct. 2665 (2002) (citing Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." Id.

## B. Analysis

Asserting that any claims for damages that plaintiff is attempting to assert based on the acts of Haynes and/or Jones can only be asserted under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, because Haynes and Jones were both United States employees acting within the course and scope of their employment when the alleged acts occurred, the United States asks to be substituted for Haynes and Jones as the only proper party defendant and asks that plaintiff's claims be dismissed as

prematurely filed because plaintiff did not first exhaust administrative remedies.

1. <u>Proper Party Defendant</u>

Asserting that the plain language of the claims alleged in the petition that plaintiff filed in state court sound in tort, the United States moves for substitution as the only proper party defendant because the FTCA provides that the exclusive remedy for personal injury resulting from a negligent or wrongful act or omission of a United States employee acting within the course and scope of his or her employment is against the United States. Plaintiff does not dispute that the two named defendants were federal employees when the challenged acts occurred, but argues that this action should be remanded because the original petition asserts claims against the defendants in their individual as opposed to their official capacities pursuant to state as opposed to federal law.[2]

---

[2] See Plaintiff's Motion to Remand and Motion for Fees and Costs (Motion to Remand), Docket Entry No. 6, pp. 1-2 ("Nowhere in Plaintiff's Original Petition does it mention or refer to any federal claim or right under the Constitution or laws of the United States.  Nowhere in Plaintiff's Original Petition does it refer to either defendant in his official capacity.  Finally, nowhere in Plaintiff's Original Petition does it refer to any action taken by either defendant 'under color of such office. . .'  Thus, defendant's Notice of Removal is without authority.  In the absence of federal subject matter jurisdiction or an official sued in their official capacity or acting under color of federal law then this Court lacks subject matter jurisdiction to hear this case and the case should immediately be remanded to avoid further unnecessary delay.").

The United States, as a sovereign nation, is immune from suit except to the extent that the United States has consented to be sued. McNeily v. United States, 6 F.3d 343, 347 (5th Cir. 1993). "One of the vehicles by which the United States has consented to be sued is the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671-80." Id. The FTCA waives the sovereign immunity of the United States making it liable in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The United States is liable for damages caused

> by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

Under 28 U.S.C. § 2679(d)(1), when the Attorney General certifies that a federal employee was acting within the scope of his office or employment at the time of the incident out of which a state law claim arises, a civil action arising out of such incident shall be deemed an action against the United States, and the United States shall be substituted as the sole defendant with respect to those claims. Citing 28 C.F.R. § 15.3, the United States asserts that the authority for making such a certification has been delegated by the Attorney General to the United States Attorneys with respect to civil actions or proceedings brought against employees in their respective

districts.  On October 4, 2008, Donald J. DeGabrielle, then United States Attorney for the Southern District of Texas, certified that at the time of the conduct alleged, individual defendants, Haynes and Jones, were acting within the scope of their employment for the Federal Bureau of Prisons.[3]  The court is entitled to treat the United States Attorney's certification as prima facie evidence that the employees' conduct at issue occurred within the scope of [their] employment.  See Rodriguez v. Sarabyn, 908 F.Supp. 442, 445 (W.D. Tex. 1995) (citing S.J. & W. Ranch v. Lehtinen, 913 F.2d 1538, 1543 (11th Cir. 1990), cert. denied, 112 S.Ct. 62 (1991)).

Plaintiff does not dispute that the Attorney General has delegated to the United States Attorney for the Southern District of Texas authority to certify that Haynes and Jones were acting within the course and scope of their employment for the FBOP at all times material to this action.  Nor has plaintiff made any showing that Haynes and Jones were not federal employees or that they were acting outside the scope of their employment when the alleged acts occurred.  Since plaintiff has offered nothing to counter the certification, the United States' motion for substitution and to dismiss the FTCA claims against the individual defendants will be granted.

---

[3]See Certification of Scope of Employment, Exhibit A attached to Motion to Substitute and Dismiss Based on Prematurity, Docket Entry No. 5.

2. <u>Exhaustion of Administrative Remedies</u>

The waiver of sovereign immunity effected by the FTCA is limited to instances where "the claimant shall have first presented the claim to the appropriate Federal agency. . ." 28 U.S.C. § 2675(a) provides that

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

"[T]he filing of an administrative claim for relief [is] a jurisdictional prerequisite to suit." <u>United States v. Burzynski Cancer Research Institute</u>, 819 F.2d 1301, 1306 (5th Cir. 1987), <u>cert. denied</u>, 108 S.Ct. 1026 (1988). Therefore, those FTCA claims that have not been administratively exhausted must be dismissed. This is true even of claims that became ripe after suit was filed. See <u>McNeil v. United States</u>, 113 S.Ct. 1980 (1993).

The United States has submitted the Declaration of Josie Wilches, which states that Wilches is employed by the United States Department of Justice, Federal Bureau of Prisons; that she is assigned to the South Central Regional Office in Dallas, Texas; and that her current position is that of Legal Instruments Examiner in

the Office of the Regional Counsel.  Wilches states that she has held her position since November of 1997 and that

> [o]n October 14, 2008, in connection with the above captioned litigation, I conducted a diligent search of the computerized index for any administrative complaints filed by Detra Willis from 1992 until the present, to determine if she had filed an administrative tort claims with the Bureau of Prisons.  I found no tort claims filed by Ms. Willis.[4]

Although more than a month has passed since the United States filed its motion to substitute and dismiss on October 20, 2008, plaintiff has not responded to it but has, instead, filed a motion to remand.  Local Rule 7.3 provides that:  "Opposed motions will be submitted to the judge twenty days from filing without notice from the clerk and without appearance by counsel."  S.D.Tex.R. 7.3 (2000).  Local Rule 7.4 provides:

> Failure to respond will be taken as a representation of no opposition.  Responses to motions
>
> A  Must be filed by the submission day;
>
> B  Must be written;
>
> C  Must include or be accompanied by authority; and
>
> D  Must be accompanied by a separate form order denying the relief sought.

S.D.Tex.R. 7.4 (2000).  In accordance with Local Rule 7.4, the court takes plaintiff's failure to respond to the United States' motion to substitute and dismiss as a representation of no opposition to the legal arguments and evidence of jurisdictional

---

[4]Exhibit B attached to the United States' Motion to Substitute and Dismiss Based on Prematurity, Docket Entry No. 5, ¶ 5.

facts submitted by the defendant in support of the pending motion to dismiss. See Eversley v. MBank Dallas, 843 F.2d 172, 173-174 (5th Cir. 1988) (noting that when the nonmovant submits no response, the factual allegations of the movant are properly taken as true).

Plaintiff has not presented any evidence from which the court can conclude that she has exhausted her administrative remedies by presenting a claim to the FBOP. Since plaintiff has failed to submit any evidence in opposition to that submitted by the United States in support of its motion to dismiss, that evidence is uncontested. See Ramming, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.").

The Fifth Circuit has stated that 28 U.S.C. § 2675 "is more than a mere statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is filed." Gregory v. Mitchell, 634 F.2d 199, 204 (5th Cir. 1981). Because presentment of a claim is a jurisdictional prerequisite to filing suit under the FTCA, because the United States has submitted evidence that plaintiff failed to present a claim, and because plaintiff has failed to submit any evidence from which the court could conclude that she did, in fact, satisfy the presentment requirement of 28 U.S.C. § 2675, the court concludes that it lacks

subject matter jurisdiction over plaintiff's negligence claim because she failed to present a claim that included a demand for a sum certain to the FBOP.  Id.  See also Wardsworth v. United States, 721 F.2d 503, 505-06 (5th Cir. 1983), cert. denied, 105 S.Ct. 87 (1984).  Accordingly, the court concludes that this action should be dismissed for lack of subject matter jurisdiction due to plaintiff's failure to exhaust administrative remedies.

### III.  Motion to Remand

Plaintiff moves the court to remand this action to state court and to assess costs and attorney's fees against the defendants for improperly removing this action and causing unnecessary expense and delay.[5]  The United States argues that plaintiff's motion to remand should be denied.  The court agrees.

Plaintiff's motion to remand is based on assertions that

> [n]owhere in Plaintiff's Original Petition does it mention or refer to any federal claim or right under the Constitution or laws of the United States.  Nowhere in Plaintiff's Original Petition does it refer to either Defendant in their official capacity.  Finally, nowhere in Plaintiff's Original Petition does it refer to any action taken by either Defendant 'under color of such office. . .'  Thus, Defendants' notice of removal is without authority.  In the absence of federal subject matter jurisdiction or an official sued in their official capacity or acting under color of federal law then this Court lacks subject matter jurisdiction to hear this case and the case should immediately be remanded to avoid further unnecessary delay.[6]

---

[5]Plaintiff's Motion to Remand and Motion for Fees and Costs, Docket Entry No. 6, p. 2.

[6]Id. at 1-2.

-10-

Although not expressly stated in the pending motion, plaintiff argues that this action should be remanded because she has asserted claims against federal employees in their individual as opposed to official capacities for violations of state as opposed to federal law and has not alleged that the acts of which she complains were taken by either defendant under color of his federal office. Plaintiff's argument lacks merit.

The United States' Notice of Removal (Docket Entry No. 1) is based on 28 U.S.C. § 1442. In pertinent part § 1442 provides that

> (a) [a] civil action . . . commenced in State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer . . . of the United States or of any agency thereof, sued in an official or **individual** capacity for any act under color of such office . . .

28 U.S.C. § 1442(a)(1) (emphasis added). After removal, the United States moved for substitution as the only proper party defendant and dismissal of the federal employees.[7] The United States attached to that motion evidence showing that Haynes and Jones were at all material times acting within the course and scope of their employment for the FBOP, and plaintiff has failed to challenge that evidence. Because 28 U.S.C. § 1442 allows removal

---

[7]See Motion to Substitute and Dismiss Based on Prematurity, Docket Entry No. 5.

of actions filed in state court against federal employees in their individual capacities for violations of state law, and because the United States Attorney's certification that Haynes and Jones were at all material times acting within the course and scope of their federal employment establishes that the actions of which plaintiff complains were taken under color of federal office, this action was properly removed from state court.

### IV.  Conclusions and Order

For the reasons explained above, the court concludes that the the United States is the only proper party defendant, that plaintiff has prematurely brought suit prior to having exhausted her administrative remedies, and that the United States did not improperly remove plaintiff's claims to this court.  Accordingly, the United States' Motion to Substitute and Dismiss Based on Prematurity (Docket Entry No. 5) is **GRANTED**, and Plaintiff's Motion to Remand and Motion for Fees and Costs (Docket Entry No. 6) is **DENIED**.

**SIGNED** at Houston, Texas, on this 14th day of January, 2009.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE